IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY

**DERRICK HARRIS,**

  **Movant,**

v.                  **Case No. 5:16-cv-05816**
                  **Case No. 5:97-cr-00006-1**

**UNITED STATES OF AMERICA,**

  **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is Movant's Second or Successive Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 257) and his Motion to Hold § 2255 Filing in Abeyance (ECF No. 258). This matter is assigned to the Honorable Irene C. Berger, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

## RELEVANT PROCEDURAL HISTORY

### A. Criminal Action No. 5:97-cr-00006-1 and the appeal thereof.

On August 14, 2007, Movant, Derrick Harris (hereinafter "Defendant"), pled guilty, pursuant to a written plea agreement, to one count of possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1). (ECF Nos. 124-128). On December 4, 2007, Movant was sentenced to a 205-month term of imprisonment, followed by a four-year term of supervised release. (ECF No. 159). Defendant's sentence included an enhancement under section 4B1.1 of the United States

Sentencing Guidelines ("USSG") for being a career offender because he had at least two prior convictions for a crime of violence or a controlled substance offense.

Movant appealed his conviction and sentence to the United States Court of Appeals for the Fourth Circuit, challenging the district court's denial of his motion to withdraw his guilty plea and further asserting ineffective assistance of counsel at sentencing. On July 29, 2009, the Fourth Circuit affirmed Defendant's conviction and sentence. *United States v. Harris*, No. 08-4005, 329 F. App'x 471 (4th Cir. July 29, 2009). On November 30, 2009, the United States Supreme Court denied Defendant's petition for a writ of certiorari. *Harris v. United States*, 558 U.S. 1062 (2009).

**B.     First Section 2255 Motion (No. 5:10-cv-01045).**

On August 25, 2010, Defendant filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 210). On September 12, 2013, the presiding District Judge entered a Memorandum Opinion and Order denying Movant's first section 2255 motion. (ECF Nos. 246, 247).

**C.     The instant section 2255 motion (No. 5:16-cv-05816).**

On June 14, 2016, the Office of the Federal Public Defender was appointed to represent Defendant to determine whether he qualifies for any relief under the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague and further finding that imposition of an increased sentence thereunder violates due process. Although Defendant was not sentenced under the ACCA, the career offender guideline under which he was sentenced contains a similar

residual clause.  See USSG § 4B1.2(a)(2).   Thus, on June 27, 2016, Defendant, by counsel, filed a Second or Successive Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 257).   He also filed a Motion to Hold § 2255 Filing in Abeyance (ECF No. 258), requesting that the district court refrain from taking action on his section 2255 motion until the Fourth Circuit ruled on his motion for authorization to proceed with a second or successive section 2255 motion.

However, on July 6, 2016, the Fourth Circuit denied Defendant authorization to file a second or successive section 2255 motion raising a *Johnson* claim.   *In re: Derrick Harris*, No. 16-9450 (July 6, 2016).   (ECF No. 261).   Thus, this court lacks jurisdiction to consider Defendant's present section 2255 motion.   Unaware of the Fourth Circuit's Order, on July 12, 2016, the undersigned entered an Order setting response and reply deadlines for the section 2255 motion.   (ECF No. 262).   However, neither the United States nor Defendant filed those briefs.   Because the undersigned has determined from the record that Defendant is not entitled to relief herein, no further briefing is necessary.

## ANALYSIS

Defendant previously filed an unsuccessful 2255 motion concerning his federal criminal judgment and he has not received authorization from the Fourth Circuit to file a second or successive section 2255 motion.   Pursuant to 28 U.S.C. § 2255(h), "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals."   *See also In re Goddard*, 170 F.3d 435, 436 (4th Cir. 1999).

To obtain certification from the Court of Appeals, the Movant must demonstrate that the Motion contains:

   (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense; or

   (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*Id.* Despite Defendant's reliance on *Johnson*[1], it is evident from the record before the court that the Fourth Circuit specifically denied Defendant the necessary authorization to file the instant section 2255 motion on July 6, 2016. (ECF No. 261). Accordingly, this court lacks jurisdiction to review the instant motion.

## **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the District Court **DENY** Movant's Second or Successive Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 257), **DENY AS MOOT** his Motion to Hold in Abeyance (ECF No. 258) and **REMOVE** this matter from the docket of the court.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the

---

[1] The Supreme Court subsequently determined that the decision in *Johnson* does not extend to the advisory sentencing guidelines. *See Beckles v. United States*, 137 S. Ct. 886 (2017); *see also United States v. Brown*, 868 F.3d 297 (4th Cir. Aug. 21, 2017) (*Beckles* forecloses argument that Johnson invalidates all residual clauses with wording similar to ACCA's invalidated residual clause). Thus, Defendant would not be entitled to any relief under *Johnson*.

Federal Rules of Criminal Procedure, the parties shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on the opposing party and Judge Berger.

The Clerk is requested to mail a copy of this Proposed Findings and Recommendation to Movant at his last known address and counsel of record.

September 5, 2018

Dwane L. Tinsley
United States Magistrate Judge